# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

NATICIA LAURENT,                )
#348468,                        )
                                )    CIVIL ACTION NO. 9:14-3890-JMC-BM
                Petitioner,     )
                                )
v.                              )    **REPORT AND RECOMMENDATION**
                                )
WARDEN, CAMILLE GRAHAM          )
CORRECTIONAL INST.,             )
                                )
                Respondent.     )
_____)

   Petitioner, an inmate with the South Carolina Department of Corrections, seeks a writ

of habeas corpus pursuant to 28 U.S.C. § 2254.  The petition was filed pro se on September 22,

2014.[1]

   The Respondent filed a return and motion for summary judgment on January 22, 2015.

As the Petitioner is proceeding pro se, a Roseboro order was filed on January 26, 2015, advising the

Petitioner that she had thirty-four (34) days to file any material in opposition to the motion for

summary judgment.  Petitioner was specifically advised that if she failed to respond adequately, the

motion for summary judgment may be granted, thereby ending her case.  Petitioner thereafter filed

a response in opposition on March 2, 2015.

   This matter is now before the Court for disposition.[2]

---

[1]Since there is no mail room delivery date on the envelope, the Court has used the date of the
application.  Cf. Houston v. Lack, 487 U.S. 266, 270-276 (1988).

[2]This case was automatically referred to the undersigned United States Magistrate Judge for
all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and
(continued...)



**Procedural History**

Petitioner was indicted in Beaufort County in November 2009 for Homicide by Child Abuse [Indictment No. 09-GS-07-2249]. (R.pp. 16-17). Petitioner was represented by Helen Roper Dovell, Esquire, and pled guilty to a negotiated plea/sentence of twenty (20) years on September 22, 2011. (R.pp. 1-15). The judge accepted the negotiated plea and sentenced Petitioner to twenty (20) years confinement in prison. (R.pp. 13-14). Petitioner did not appeal her conviction and/or sentence.

On June 25, 2012, Petitioner filed an application for post-conviction relief ("APCR") in state circuit court; Laurent v. State of South Carolina, No. 2012-CP-07-2351; raising the following issue:

Ineffective Assistance of Counsel

a. "My crime was an accident and my attorney did not push the issue to the best of her ability."

(R.p. 21).

Petitioner was represented in her APCR by Larry W. Weidner, II, Esquire, and an evidentiary hearing was held on Petitioner's application on April 4, 2013. (R.pp. 32-68). In an order filed May 13, 2013 (dated April 16, 2013), the PCR judge denied relief on the APCR in its entirety. (R.pp. 69-77).

Petitioner then filed a timely appeal of the PCR court's order. Petitioner was represented on appeal by Katherine Hudgins, Esquire, of the South Carolina Office of Appellate Defense, who raised the following issue:

Did the PCR judge err in refusing to grant a continuance when the information packet for the PCR hearing was mailed to PCR counsel on February 20, 2013, and PCR

---

(...continued)
Local Rule 73.02(B)(2)(c)and (e), D.S.C. The Respondent has filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.



2

counsel did not have adequate time to meet with his client and discuss the packet before the PCR hearing on April 4, 2013?

<u>See</u> Petition, p. 2 (Court Docket No. 18-2).

On July 24, 2014, the South Carolina Supreme Court denied Petitioner's writ of certiorari. <u>See</u> Court Docket No. 18-4. The Remittitur was sent down on August 11, 2014. <u>See</u> Court Docket No. 18-5.

In her Petition for writ of habeas corpus filed in this United States District Court, Petitioner raises the following issues:

**Ground One:** My due process was violated because of the coercion of an involuntary confession because I was under duress, but I felt like I had nothing to hide.

**Supporting Facts:** My due process of law was violated because of the coercion of an involuntary confession by the investigators. I felt like I had nothing to hide therefore I cooperated. I was led to believe from the investigators that they just wanted to talk to me and I would be able to return to the hospital with my husband, son, and step-daughter, who were waiting for me.

**Ground Two:** Due process was violated due to the ineffective assistance of counsel.

**Supporting Facts:** My due process was violated because I felt like I was coerced into taking the guilty plea. The advice from my attorney was that I was straddling the fence because I gave an involuntary confession and I could be facing a life sentence if I went to trial. I took the guilty plea capitalizing on a more favorable outcome, when in essence, I know my step-daughter died due to an accident. I was advised by my attorney and her boss that the guilty plea will be the best outcome.

**Ground Three:** Ineffective assistance of counsel and inadequate time for production of evidence to be discussed and introduced as an issue in PCR hearing.

**Supporting Facts:** Camille Griffin Graham is holding me hostage (unlawfully) because I was denied due process of law and didn't have the proper evidentiary hearing. Medical examiners could attest to the fact that my step-daughter's asthmatic issues which could've been an issue that could've been raised in PCR hearing if my attorney was given the proper amount of time to do so.

**Ground Four:** Total annihilation of my due process of law for a fair representation from initial court proceedings, PCR proceedings, and appeal proceedings.

**Supporting Facts:** From the beginning when the investigators coerced me into an



involuntary confession, I cooperated fully knowing that I had nothing to hide. Though a tragic accident had occurred, I fully cooperated because it was just an accident. I didn't have the proper representation for anyone to take my case seriously. They got a confession out of me and they were done. No one seem to take into account that there could have been pre-existing conditions with my step-daughter. As a result of this, I feel it is time that I have proper representation and the facts properly presented.

See Petition, pp. 6-9, 11.

### Discussion

Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Rule 56, Fed.R.Civ.P; see Habeas Corpus Rules 5-7, 11. Further, while the federal court is charged with liberally construing pleadings filed by a pro se litigant to allow the development of a potentially meritorious case; See Cruz v. Beto, 405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972); the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990).

### I.

In Ground One of her Petition, Petitioner argues that her due process rights were violated because of the coercion of an involuntary confession which she contends was made under duress. This is a direct appeal issue which Petitioner did not raise through the filing of a direct appeal. Therefore, this issue was not exhausted at the state court level, and as a result is procedurally barred from consideration by this Court on federal habeas review. State v. Powers, 501 S.E.2d 116, 118 (S.C. 1998); Coleman v. Thompson, 501 U.S. 722, 750 (1991).



In Grounds Two through Four, Petitioner raises claims asserting ineffective assistance of counsel. However, none of these claims appear to be the ineffective assistance of counsel claim Petitioner pursued in her APCR, which dealt generally with trial counsel not "push[ing] the issue to the best of her ability",[3] or the claim asserted in her PCR appeal, which dealt with whether the PCR judge erred in refusing to grant a continuance when the information packet for the PCR hearing was mailed to PCR counsel on February 20, 2013, and PCR counsel did not have adequate time to meet with his client and discuss the packet before the PCR hearing on April 4, 2013. See Petition for Writ of Certiorari, p. 2.[4] Therefore, the ineffective assistance of counsel claims Petitioner now asserts in Grounds Two through Four in this federal habeas petition were not properly preserved for review by this Court in Petitioner's APCR proceedings. See White v. Burtt, No. 06-906, 2007 WL 709001 at *1 & *8 (D.S.C. Mar. 5, 2007)(citing Pruitt v. State, 423 S.E.2d 127, 127-128 (S.C. 1992)[issue must be raised to and ruled on by the PCR judge in order to be preserved for review]); cf. Cudd v. Ozmint, No. 08-2421, 2009 WL 3157305 at * 3 (D.S.C. Sept. 25, 2009)[Finding that where Petitioner

---

[3]The specific issue raised at the PCR hearing and addressed in the PCR Court's order related to trial counsel having failed to request a suspended sentence during the guilty plea proceeding. (R.p. 70).

[4]To the extent that Petitioner is attempting to raise her PCR appeal claim as part of Ground Three of this Petition, alleged infirmities in PCR proceedings do not state a basis for federal habeas relief. See Bryant v. Maryland, 848 F.2d 492, 494 (4th Cir.1988) [claims of error occurring in a state post-conviction proceeding cannot serve as a basis for federal habeas relief]; Nichols v. Scott, 69 F.3d 1255, 1275 (5th Cir.1995), cert. denied, 518 U.S. 1–22(1996)["An attack on a state habeas proceeding does not entitle the petitioner to habeas relief...."]; Spradley v. Dugger, 825 F.2d 1566, 1568 (11th Cir.1987) (per curiam) ["Because claim (1) goes to issues unrelated to the cause of [the] petitioner's detention, it does not state a basis for habeas relief."]. Therefore, Petitioner has failed to state a basis for relief in her federal petition based on this alleged infirmity in her PCR proceeding. Hassine v. Zimmerman, 160 F.3d 941, 954 (3d Cir.1998) [errors in state post-conviction proceedings are collateral to the conviction and sentence and do not give rise to a claim for federal habeas relief].



attempted to raise an issue in his PCR appeal, the issue was procedurally barred where the PCR court had not ruled on the issue and Petitioner's motion to alter or amend did not include any request for a ruling in regard to the issue]; State v. Dunbar, 587 S.E.2d at 693-694 ["In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the trial judge.  Issues not raised and ruled upon in the trial court will not be considered on appeal."]; Miller v. Padula, No. 07-3149, 2008 WL 1826495 at **1-2 & **9-10 (D.S.C. Apr. 23, 2008); Sullivan v. Padula, No. 11-2045, 2013 WL 876689 at * 6 (D.S.C. Mar. 8, 2013)[Argument not raised in PCR appeal is procedurally barred]; see also Whiteley v. Warden, Wyo. State Penitentiary, 401 U.S. 560, 562 n.3 (1971)[Discussing lower court's finding that failure to appeal denial of his state post-conviction petition constituted non-exhaustion of remedies]; Wicker v. State, 425 S.E.2d 25, 26 (S.C. 1992).

## II.

Because Petitioner did not properly raise and preserve any of the issues she now asserts in Grounds One through Four in either her APCR proceedings or by way of a direct appeal, they are barred from further state collateral review; Whiteley, 401 U.S. at 562 n. 3; Wicker v. State, supra; Ingram v. State of S.C., No. 97-7557, 1998 WL 726757 at **1 (4th Cir. Oct. 16, 1998); Josey v. Rushton, No. 00-547, 2001 WL 34085199 at * 2 (D.S.C. March 15, 2001); Aice v. State, 409 S.E.2d 392, 393 (S.C. 1991)[post-conviction relief]; and as there are no current state remedies for Petitioner to pursue these issues, they are fully exhausted.  Coleman v. Thompson, 501 U.S. at 735; Teague v. Lane, 489 U.S. 288, 297-298 (1989); George v. Angelone, 100 F.3d 353, 363 (4th Cir. 1996) ["A claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally defaulted under state law if the petitioner attempted to raise it at this juncture."], cert. denied, 117 S.Ct. 854 (1997); Aice, 409 S.E.2d at 393;



Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997) ["To satisfy the exhaustion requirement, a habeas Petitioner must fairly present his claim[s] to the state's highest court . . . the exhaustion requirement for claims not fairly presented to the state's highest court is technically met when exhaustion is unconditionally waived by the state...or when a state procedural rule would bar consideration if the claim[s] [were] later presented to the state court."], cert. denied, 522 U.S. 833 (1997); Ingram, 1998 WL 726757 at **1.

However, even though otherwise exhausted, because these issues were not *properly* pursued and exhausted by the Petitioner in the state court, federal habeas review of these claims is now precluded absent a showing of cause and prejudice, or actual innocence. Martinez v. Ryan, 565 U.S. ___, ___, 132 S.Ct. 1309, 1316  (2012); Wainwright v. Sykes, 433 U.S. 72 (1977); Waye v. Murray, 884 F.2d 765, 766 (4th Cir. 1989), cert. denied, 492 U.S. 936 (1989).

> In all cases in which a State prisoner has defaulted his Federal claims in State court pursuant to an independent and adequate State procedural rule, Federal Habeas review of the claim is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of Federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

Coleman, 501 U.S. at 750.

Petitioner has not presented any specific arguments to support a finding of cause for her procedural default on these claims, but she does state in general and conclusory terms in different parts of her Petition and response in opposition to summary judgment that she received ineffective assistance of both plea and PCR counsel, including that plea counsel failed to advise her to file a direct appeal so as to preserve her Ground One claim for state appellate and federal review.  Although it is far from clear whether Petitioner is actually asserting counsels' conduct as cause for her procedural default on



all of her claims, in light of her pro se status, the undersigned has assumed for purposes of this opinion that that is what she is contending.

### III.

The United States Supreme Court has held that "if the procedural default is the result of ineffective assistance of counsel, the Sixth Amendment itself requires that responsibility for the default be imputed to the State . . . Ineffective assistance of counsel, then, is cause for procedural default." Murray, 477 U.S. at 488; see also Coleman v. Thompson, supra; McCleskey v. Zant, 499 U.S. 467, 494 (1991); Noble v. Barnett, 24 F.3d 582, 586, n.4 (4th Cir. 1994)["[C]onstitutionally ineffective assistance of counsel is cause per se in the procedural default context"]; Smith v. Dixon, 14 F.3d 956, 973 (4th Cir. 1994)(en banc).  Even so, while ineffective assistance of counsel can constitute "cause" for a procedural default, it will only constitute "cause" if it amounts to an independent violation; Ortiz v. Stewart, 149 F.3d 923, 932 (9th Cir. 1998); Bonin v. Calderon, 77 F.3d 1155, 1159 (9th Cir. 1996); and ineffective assistance of *PCR counsel* (as opposed to trial or direct appeal counsel) does not amount to an independent constitutional violation, and ordinarily would not therefore constitute "cause" for a procedural default.  Murray v. Giarratano, 492 U.S. 1-7, 13 (1989) [O'Connor, J., concurring] [ "[T]here is nothing in the Constitution or the precedents of [the Supreme] Court that requires a State provide counsel in postconviction proceedings.  A postconviction proceeding is not part of the criminal process itself, but is instead a civil action designed to overturn a presumptively valid criminal judgment.  Nothing in the Constitution requires the State to provide such proceedings,...nor does...the Constitution require [ ] the States to follow any particular federal model in those proceedings."]; Mackall v. Angelone, 131 F.3d 442, 447-449 (4th Cir. 1997); Ortiz, 149 F.3d at 932; Pollard v. Delo, 28 F.3d 887, 888 (8th Cir. 1994); Lamp v. State



of Iowa, 122 F.3d 1100, 1104-1105 (8th Cir. 1997); Parkhurst v. Shillinger, 128 F.3d 1366, 1371

(10th Cir. 1997); Williams v. Chrans, 945 F.2d 926, 932 (7th Cir. 1992); Gilliam v. Simms, No. 97-

14, 1998 WL 17041 at *6 (4th Cir. Jan. 13, 1998).

                However, in Martinez the Supreme Court carved out a "narrow exception" that

modified

> "the unqualified statement in Coleman that an attorney's ignorance or inadvertence
> in a postconviction proceeding does not qualify as cause to excuse a procedural
> default." Martinez, 566 U.S. at __, 132 S.Ct. at 1315. [F]or three reasons. First, the
> "right to the effective assistance of counsel at trial is a bedrock principle in our justice
> system . . . . Indeed, the right to counsel is the foundation for our adversary system."
> Id. at ___, 132 S.Ct. at 1317.
>
> Second, ineffective assistance of counsel on *direct appellate review* could amount to
> "cause", excusing a defendant's failure to raise (and thus procedurally defaulting) a
> constitutional claim. Id. at ___, 132 S.Ct. at 1316, 1317. But States often have good
> reasons for initially reviewing claims of ineffective assistance of trial counsel during
> state collateral proceedings rather than on direct appellate review. Id. at ___, 132
> S.Ct. at 1317-1318. That is because review of such a claim normally requires a
> different attorney, because it often "depend[s] on evidence outside the trial record,"
> and because efforts to expand the record on direct appeal may run afoul of
> "[a]bbreviated deadlines," depriving the new attorney of "adequate time . . . to
> investigate the ineffective-assistance claim." Id. at ___, 132 S.Ct. at 1318.
>
> Third, where the State consequently channels initial review of this constitutional claim
> to collateral proceedings, a lawyer's failure to raise an ineffective assistance of
> counsel claim during initial-review collateral proceedings, could (were Coleman read
> broadly) deprive a defendant of any review of that claim at all. Martinez, supr a at
> ___, 132 S.Ct. at 1316.
>
> We consequently read Coleman as containing an exception, allowing a federal habeas
> court to find "cause," thereby excusing a defendant's procedural default, where (1) the
> claim of "ineffective assistance of trial counsel" was a "substantial" claim; (2) the
> "cause" consisted of there being "no counsel" or only "ineffective" counsel during the
> state collateral review proceeding; (3) the state collateral review proceeding was the
> "initial" review proceeding in respect to the "ineffective-assistance-of-trial-counsel
> claim"; and (4) state law *requires* that an "ineffective assistance of trial counsel
> [claim] . . . be raised in an initial-review collateral proceeding." Martinez, supra at
> ___, 132 S.Ct. at 1318-1319, 1320-1321.

9



Trevino v. Thaler, 133 S.Ct. 1911, 1917-1918 (2013); see also Gray v. Pearson, 526 Fed. Appx. 331, 333 (4th Cir. June 7, 2013)["The Supreme Court had previously held in Coleman that because a habeas petitioner has no constitutional right to counsel in state post-conviction proceedings, the ineffectiveness of post-conviction counsel *cannot* establish 'cause' to excuse a procedural default. Coleman, 501 U.S. at 757. The Court established an exception to that rule in Martinez."] Therefore, because, under South Carolina law, a claim of ineffective assistance of trial counsel is raised in an APCR; cf. State v. Felder, 351 S.E.2d 852 (S.C. 1986); Bryant v. Reynolds, No. 12-1731, 2013 WL 4511242, at * 19 (D.S.C. Aug. 23, 2013); Gray, 2013 WL 2451083, at * 4, fn *; Petitioner's claim of ineffective assistance of PCR counsel as "cause" for her default has been considered hereinbelow under the revised standard of Martinez and Trevino.

Under the first requirement of the Martinez exception, the Petitioner must "demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the [petitioner] must demonstrate that the claim has some merit." Gray, 2013 WL 2451083 at * 2. Therefore, Petitioner must show that there is a reasonable probability that she would have received relief on her claims of ineffective assistance of trial counsel in her APCR if they had been raised. Secondly, Petitioner must then show that her PCR counsel's representation was objectively unreasonable during her post-conviction proceeding for not raising these claims. Ford v. McCall, No. 12-2266, 2013 WL 4434389 at *11 (D.S.C. Aug. 14, 2013)(citing Horonzy v. Smith, No. 11-234, 2013 WL 3776372 at * 6 (D.Idaho Sept. 12, 2012)["The application of the Strickland test in this instance means that Petitioner is required to show that counsel's representation during the post-conviction proceeding was objectively unreasonable, and that, but for his errors, there is a reasonable probability that Petitioner would have received relief on a claim of ineffective assistance



of trial counsel in the state post-conviction matter. This standard is a high one."]. For the reasons set forth hereinbelow, Petitioner has failed to show entitlement to relief under this standard with respect to either trial or PCR counsel.

## IV.

In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court articulated a two prong test to use in determining whether counsel was constitutionally ineffective. First, the Petitioner must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel's performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment. Second, the Petitioner must show that counsel's deficient performance prejudiced the defense such that the Petitioner was deprived of a fair trial. Id., at 694. After careful review of the record and the arguments presented, the undersigned finds and concludes for the reasons set forth hereinbelow that Petitioner has failed to meet her burden of showing that her plea counsel was ineffective under this standard. Smith v. North Carolina, 528 F.2d 807, 809 (4th Cir.1975) [Petitioner bears the burden of proving his allegations when seeking a writ of habeas corpus]. As a result of this finding, any claim of ineffectiveness of PCR counsel also fails. Trevino, 133 S.Ct. at 1917-1918.

As previously noted, Petitioner did not raise any of these issues in her APCR, where Petitioner had the burden of proving the allegations in her petition. See Laurent v. State of South Carolina, No. 2012-CP-07-2351. Petitioner also failed to file any direct appeal. Butler v. State, 334 S.E.2d 813, 814 (S.C. 1985), cert. denied, 474 U.S. 1094 (1986); see also Court Docket No. 26-14. However, the PCR judge did not make certain findings in Petitioner's PCR proceeding which bear on these claims. Specifically, the PCR judge found that: 1) at the hearing, Petitioner waived all

11



grounds except ineffective assistance of counsel for failing to request a suspended sentence during her guilty plea; 2) Petitioner testified that she met frequently with counsel before pleading guilty; 3) Petitioner testified that she recalled reviewing discovery with her attorney and discussing possible defenses; 4) Petitioner testified that she discussed all plea offers made by the State with her attorney and that it was her decision to plead guilty; 5) Petitioner further testified she discussed the facts of the case with her attorney; 6) Petitioner testified that she discussed requesting a suspended sentence with counsel prior to her plea[5]; 7) Petitioner testified that at first she thought her attorney could request a suspended sentence, but then was told the law had changed and a suspended sentence could not be requested; 8) Petitioner testified she was advised by counsel of the potential sentence for homicide by child abuse and was aware of the case law about requesting a suspended sentence; 9) Petitioner testified that before pleading guilty she knew counsel would not be requesting a suspended sentence; 10) plea counsel testified that she was appointed to represent Petitioner and had spent over five years practicing criminal law; 11) plea counsel testified that she met with Petitioner several times prior to her guilty plea and filed <u>Brady v. Maryland</u>, 373 U.S. 83 (1963) and Rule 5 motions on Petitioner's behalf; 12) plea counsel testified that she reviewed the discovery material she received with the Petitioner and discussed the elements of the charge with her and what the State was required to prove; 13) plea counsel testified they discussed Petitioner's version of the facts and possible defenses; 14) plea counsel testified she investigated the case by speaking with the Petitioner's husband and the forensic pathologist; 15) plea counsel testified that she entered into plea negotiations

---

[5]Although certain findings listed by the PCR court regarding the allegations relating to a suspended sentence are not at issue in this federal habeas petition, these facts are included to put all the findings in the proper context, since a number of these findings are intertwined with other findings that are discussed herein.  <u>See</u> discussion, <u>infra</u>.



on the Petitioner's behalf and the State offered a negotiated sentence of 20 years; 16) plea counsel testified that she communicated the offer to the Petitioner, informed her of the consequences of the plea, and informed her of her constitutional rights; 17) plea counsel testified that initially the Petitioner wanted to proceed to trial; 18) plea counsel testified that she believed that she could present substantial mitigation evidence to the Court and request a suspended sentence; 19) however, counsel testified that after State v. Jacobs[6] was decided that she did not believe she could request a suspended sentence; 20) counsel testified that she spoke with the solicitor's office and tried to get them to reduce the charge to voluntary manslaughter, but they refused; 21) plea counsel testified she spoke with Petitioner about the inability to request a suspended sentence and advised her to plead guilty because the 20 year minimum sentence was the best that they could do; 22) counsel testified that she made a judgment call to not request a suspended sentence, but now thought she was ineffective for not requesting a suspended sentence for the Petitioner; 23) counsel testified that she knew of at least one instance in a homicide by child abuse case where the defendant successfully argued for a suspended sentence after State v. Jacobs; 24) counsel further testified that in hindsight she should have argued for a suspended sentence; 25) plea counsel gave credible testimony during the evidentiary hearing; 26) plea counsel is a trial practitioner who has extensive experience in the trial of serious offenses; 27) counsel conferred with Petitioner on numerous occasions; 28) during the conferences with Petitioner, counsel discussed the pending charges, the elements of the charges and what the State was required to prove, Petitioner's constitutional rights, Petitioner's version of the facts, and possible defenses or lack thereof; 29) the record reflected that Petitioners' guilty plea was entered freely, voluntarily, knowingly, and intelligently; 30) Petitioner acknowledged that she was guilty of these

---

[6]713 S.E.2d 621 (S.C. 2011).



offenses; 31) Petitioner told the plea court that she was satisfied with her attorney and that no one had threatened her or promised her anything to plead guilty; 32) Petitioner understood that terms of the negotiated sentence; 33) plea counsel was not ineffective for failing to request a suspended sentence for Petitioner's homicide by child abuse charge; 34) counsel's testimony that in hindsight she would have requested a suspended sentence for the Petitioner was not dispositive; 35) counsel's decision had to be assessed in light of the information known at the time of the decision, not in hindsight; 36) counsel testified that her understanding of the law at the time of Petitioner's plea was that she could not request a suspended sentence; 37) counsel's understanding of the law at the time was accurate; 38) section 24-21-410 of the South Carolina Code gives a judge the ability to impose a suspended sentence after a conviction or plea when the crime is not punishable by death or life imprisonment; 39) State v. Jacobs affirmed this established statutory principle by holding the trial court lacked the authority to suspend a sentence for burglary-first degree where the maximum penalty was a life sentence; 40) in this case, homicide by child abuse had a penalty that ranged from 20 years to a life sentence; 41) because Petitioner pled to a crime that was punishable by life imprisonment, § 24-21-410 did not give the plea judge the ability to suspend the sentence; 42) counsel's decision not to request a suspended sentence for homicide by child abuse in light of State v. Jacobs was proper; 43) counsel's inability to request a suspended sentence had no bearing on the voluntariness of Petitioner's plea; 44) Petitioner was present during the plea proceeding when counsel articulated her understanding of State v. Jacobs and expressed to the Court her inability to request a suspended sentence; 45) Petitioner's guilty plea was freely and voluntarily given; 46) Petitioner failed to meet her burden to show ineffective assistance of counsel; 47) Petitioner failed to present specific and compelling evidence that counsel committed either errors or omissions in her representation of the



14

Petitioner; 48) as to any and all allegations that were raised in the application and/or at the hearing and were not specifically addressed in the PCR court's order, Petitioner had failed to present any evidence regarding such allegations; and 49) accordingly, the Petitioner waived any such allegations and failed to meet her burden of proof regarding them. (R.pp. 70-72, 74-76).

Substantial deference is to be given to the state court's findings of fact. Evans v. Smith, 220 F.3d 306, 311-312 (4th Cir. 2000), cert. denied, 532 U.S. 925 (2001) ["We . . . accord state court factual findings a presumption of correctness that can be rebutted only by clear and convincing evidence], cert. denied, 532 U.S. 925 (2001); Bell v. Jarvis, 236 F.3d 149 (4th Cir. 2000)(en banc), cert. denied, 112 S.Ct. 74 (2001).

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. § 2254(e)(1). See also Fisher v. Lee, 215 F.3d 438, 446 (4th Cir. 2000), cert. denied, 531 U.S. 1095 (2001); Frye v. Lee, 235 F.3d 897, 900 (4th Cir. 2000), cert. denied, 533 U.S. 960 (2001).

However, although the state court findings as to historical facts are presumed correct under 28 U.S.C. § 2254(e)(1), where the ultimate issue is a mixed question of law and fact, as is the issue of ineffective assistance of counsel, a federal court must reach an independent conclusion. Strickland v. Washington, 466 U.S. 668, 698 (1984); Pruett v. Thompson, 996 F.2d 1560, 1568 (4th Cir. 1993), cert. denied, 114 S.Ct. 487 (1993) (citing Clozza v. Murray, 913 F.2d 1092, 1100 (4th Cir. 1990), cert. denied, 499 U.S. 913 (1991)). Nevertheless, with regard to ineffective assistance of counsel claims that are adjudicated on the merits by the South Carolina state court, this Court's review is limited by the deferential standard of review set forth in 28 U.S.C. §2254(d), as interpreted by the Supreme Court in Williams v. Taylor, 529 U.S. 362 (2000). See Bell v. Jarvis, supra; see also



15

Evans, 220 F.3d at 312 [Under § 2254(d)(1) and (2), federal habeas relief will be granted with respect to a claim adjudicated on the merits in state court proceedings only where such adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States", or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding"]. Therefore, this Court must be mindful of this deferential standard of review in considering Petitioner's ineffective assistance of counsel claims with regard to any factual findings related to these claims which, although not properly presented in her state court proceedings, may possibly be considered under Martinez and Trevino.

Where allegations of ineffective assistance of counsel are made, the question becomes "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland, 466 U.S. at 694. In Strickland, the Supreme Court articulated a two prong test to use in determining whether counsel was constitutionally ineffective. First, the Petitioner must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel's performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment. Second, the Petitioner must show that counsel's deficient performance prejudiced the defense such that the Petitioner was deprived of a fair trial. Further, where a guilty plea is involved, in order to show prejudice a Petitioner must show that there is a reasonable probability that, but for counsel's errors, she would not have plead guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52 (1985). For the reasons set forth and discussed hereinbelow, Petitioner has failed to meet her burden of showing that her trial counsel was ineffective under this standard. Smith, 528 F.2d 809 [Petitioner

16



bears the burden of proving her allegations when seeking a writ of habeas corpus].  Therefore, Petitioner has also failed to show any substantial claim in order to overcome her procedural bar. Gray, 2013 WL 2451083 at * 2.

## V.

The record reflects that at Petitioner's guilty plea, the Court informed Petitioner of her right to a jury trial, her right to present evidence, that the State would have to prove her guilt beyond a reasonable doubt, and that she could testify or not, specifically informing her that if she chose not to testify that the jury could not hold it against her.  (R.pp. 3-4).  Petitioner affirmed that she understood these rights, wanted to give up these rights, and plead guilty because she was in fact guilty as charged.  (R.p. 4).  Petitioner testified that she was satisified with her attorney, that she did not need any more time to consult with her attorney, that they had discussed putting up a defense and going to trial, but that she had decided that she did not want to go to trial.  (R.p. 5).  Petitioner also testified that she understood that her sentence was going to be twenty (20) years and that she wanted to plead guilty.  (R.p. 5).  Petitioner testified that other than it being a negotiated plea for twenty (20) years, that no one had promised her anything.  (R.p. 6).  The Court found that her plea was freely, voluntarily, and intelligently made.  (R.p. 6).

At the PCR hearing, Petitioner testified that she was, at first, under the impression that she could get a suspended sentence if she plead guilty.  (R.p. 43).  However, Petitioner testified that something changed in the summer of 2011 with the Supreme Court and that you couldn't get a suspended sentence on anything that carried 20 years to life.  (R.p. 43).  Although Petitioner testified that if she could have gotten her sentence reduced she would not have entered her plea, she acknowledged that she had sufficient time to communicate with her plea counsel to get a clear



understanding of all the circumstances surrounding her plea. (R.p. 44). Petitioner testified that she frequently met with her plea counsel, that counsel discussed the evidence that the State had with her, that counsel discussed what type of defense she could present if Petitioner went to trial, and that she didn't remember giving her plea counsel the names of any witnesses or anything to investigate. (R.pp. 44-45). Petitioner also testified that her counsel discussed the plea offers with her that were received from the State, that it was her decision to plead guilty, and that she told the plea judge that she was guilty. (R.p. 45). Petitioner testified that her counsel discussed her potential sentence with her and that she was aware, prior to pleading guilty, that a suspended sentence could not be requested because of a change in the law. (R.pp. 45-46). Petitioner also testified that the plea judge told her the maximum sentence that she could receive. (R.p. 46). Petitioner also testified that she recalled waiving her constitutional rights when she was pleading guilty, including the right to a jury trial and the right to remain silent. (R.p. 45).

Petitioner's plea counsel testified at the PCR hearing that initially the State had offered a negotiated plea for twenty (20) years, but that she had talked to Petitioner about arguing for a suspended sentence, which counsel believed she could do at that point. (R.pp. 48, 58). Counsel testified that she had let the prosecutor know that she would prefer to argue straight up, so that she could argue for a suspended sentence which she believed was appropriate based on substantial mitigation in Petitioner's case. (R.pp. 48-49). Counsel testified that they went on the record and asked for a trial, and that then over a year passed and the Solicitor contacted her again about recommending twenty (20) years with allowing counsel to argue for a suspended sentence. (R.p. 49). Counsel testified that they were prepared to go forward, but unfortunately, Petitioner believed that it was in her best interest to plead guilty. (R.pp. 49, 58-59). Counsel testified that she believed that



18

she was ineffective at that point, because she believed the case of <u>State v. Jacobs</u>, which had been decided that summer, prevented her from arguing for the suspended sentence. (R.pp. 49, 59-60). Counsel told Petitioner about the case and that she could not argue for the suspended sentence prior to Petitioner entering her guilty plea. (R.pp. 51-52, 60, 64). Counsel also told the Court at Petitioner's plea about her understanding of the case law after <u>State v. Jacobs</u>. (R.p. 60). <u>See</u> (R.pp. 10-11). Later, however, counsel learned of a case out of Charleston where defense counsel had successfully argued for a suspended sentence in a homicide-by-child-abuse case. (R.pp. 52-53). After reading about that case, counsel testified that she believed that she should have argued for a suspended sentence irrespective of the ruling in <u>State v. Jacobs</u> and opined that the mitigating circumstances were such that Petitioner should have been entitled to a suspended sentence. (R.pp. 53-54).

Counsel testified that she met with Petitioner several times while Petitioner was in jail, several times while she was out on bond, and also spoke with her by telephone. (R.p. 55). Counsel testified that she filed Brady or Rule 5 motions, reviewed discovery material with the Petitioner, and discussed the elements of the charges, what the State had to prove, Petitioner's version of the facts, and any possible defenses. (R.pp. 56-57). Counsel also testified regarding the evidence that the State had which included, but was not limited to, Petitioner pushing the child which caused the child to fall in the bathroom and hit her head, pushing the child again, and then punishing her with a belt. (R.pp. 56-57). The child then lost control of her bodily functions and Petitioner called 911 and her husband. (R.p. 57). Petitioner gave multiple statements to law enforcement and gave or made multiple spontaneous statements such as "I shouldn't have beat her; I shouldn't have hit her; I shouldn't have taken her out of punishment", which were recorded. (R.p. 57). Counsel testified that although



Petitioner did not give her any witnesses, that counsel investigated and talked to her husband, the forensic pathologist, and the lead investigator for the City of Beaufort.  (R.p. 58).

## VI.

In Ground One, Petitioner contends that her due process rights were violated because of her alleged coerced confession which she contends was given because she was under duress and felt like she had nothing to hide.  As previously noted, this issue was procedurally defaulted at the trial/plea court level because South Carolina is an issue preservation state.  I'On, LLC v. Town of Mt. Pleasant, 526 S.E.2d 716, 724-725 (S.C. 2000).  Since this issue was not raised to the plea judge, it is defaulted and could not have been raised on direct appeal.  State v. Powers, 501 S.E.2d at 118; State v. Varvil, 526 S.E.2d 248, 250 (S.C.Ct.App. 2000).  Accordingly, this issue was not preserved for federal habeas review.

Although it is not completely clear, but giving Petitioner every benefit of the doubt, it appears that Petitioner may be attempting to show cause for failing to preserve this issue for review by claiming her trial counsel was ineffective for  not filing an appeal.  However, Petitioner cannot show any ineffective assistance of counsel claim for failure to raise this issue on appeal, because this issue was not preserved for appellate review.  Accordingly, Petitioner has failed to show cause for her procedural default of this issue.[7]

## VII.

With regard to Ground Two, Petitioner contends that she was "coerced" into pleading

---

[7]In any event, Petitioner waived and abandoned this issue when she pled guilty.  The guilty plea in state court acts as a waiver of all non-jurisdictional defects and defenses occurring prior to the plea including alleged statutory and constitutional violations.  Rivers v. Strickland, 213 S.E.2d 97 (S.C. 1975); State v. Passaro, 567 S.E.2d 862, 866 (S.C. 2002)[A free and voluntary guilty plea acts as a waiver of all non-jurisdictional defects and defenses).



guilty because her counsel advised her that it would be a more favorable outcome since she could face a life sentence if she went to trial. However, criminal defendants often make the decision to plead guilty based on a likelihood of conviction at trial, and although Petitioner now claims that her plea was involuntary based on coercion, "[r]epresentations of the Defendant, [her] lawyer and the prosecutor at [arraignment], as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings...The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). Further, statements of the accused that facially demonstrate the plea's validity are conclusive absent compelling reasons why they should not be, such as ineffective assistance of counsel. Via v. Superintendent, Powhatan Correctional Center, 643 F.2d. 167, 171 (4th Cir. 1981). Here, Petitioner readily admitted her guilt, and she has failed to show her counsel was ineffective under the standards discussed hereinabove.

       As Petitioner has failed to demonstrate that this claim is a "substantial one", she has also failed to show that her PCR counsel was ineffective for failing to raise it in her APCR. Gray, 2013 WL 2451083, at * 2; Ford, 2013 WL 4434389, at * 11. Therefore, she has failed to show cause for her default of this claim, and it should be dismissed. See also Evans, 220 F.3d at 312 [Federal habeas relief will not be granted on a claim adjudicated on the merits by the state court unless it resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding]; Williams v. Taylor, supra; Bell, 236 F.3d at 157-158; 28 U.S.C. § 2254(e)(1) [Determination of a factual issue by the state court shall be presumed correct unless rebutted by clear and convincing evidence]; Sargent v. Waters, 71 F.3d 158, 160 (4th



Cir. 1995)[historical facts underlying guilty pleas are entitled to deference]; <u>see</u> <u>Boykin v. Alabama</u>, 395 U.S. 238 (1969); <u>Smith</u>, 528 F.2d at 809 [Petitioner bears the burden of proving his allegations when seeking a writ of habeas corpus.].

## VIII.

With regard to Petitioner's allegation in Ground Three that her PCR counsel was ineffective for failing to obtain testimony from medical examiners and/or other evidence[8], these allegations concern alleged infirmities in Petitioner's state PCR proceeding, and as such are not a basis for federal habeas relief. <u>See</u> <u>Bryant</u>, 848 F.2d at 494; <u>Nichols</u>, 69 F.3d at 1275; <u>Spradley</u>, 825 F.2d at 1568; <u>Hassine</u>, 160 F.3d at 954. Additionally, while the conduct of PCR counsel can constitute "cause" for a default of an underlying claim under certain circumstances, it is not itself an independent claim. <u>See also</u> 28 U.S.C. § 2254(i)["The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254."]; <u>Martinez</u>, 132 S.Ct. at 1320 [acknowledging that § 2254(i) precludes [a habeas petition] from relying on the ineffectiveness of his postconviction attorney as a 'ground for relief'"](quoting <u>Holland v. Florida</u>, 130 S.Ct. 2549, 2563 (2010)); <u>Auls v. Cohen</u>, No. 11-2930, 2013 WL 496239 at *3 (D.S.C. Feb. 6, 2013)[finding allegation "PCR counsel was ineffective . . . is not a proper basis for a § 2254 petition," citing 28 U.S.C. § 2254(i)]. Accordingly,

---

[8]The Court has already addressed this issue with regard to any allegation that the PCR court erred in not granting a continuance or committed some other error. <u>See</u> discussion, n. 3, <u>supra</u>. In any event, the undersigned is constrained to note that Petitioner has not even shown any potential prejudice with regard to the denial of her motion for a continuance. Petitioner moved for a continuance because she had not had time to consult with her attorney regarding certain materials which were produced. However, Petitioner has made no showing in this petition as to how those materials would have changed the outcome of her decision to plead guilty. Therefore, even if this claim was properly before this Court, Petitioner has shown no prejudice from the denial of her motion for a continuance of her PCR hearing.



Petitioner has not shown a basis for entitlement to federal habeas relief based on this claim. Wright v. Angelone, 151 F.3d 151, 159 (4th Cir.1998) [alleged defects in state post-conviction procedures are not cognizable in a federal habeas corpus action]; Nichols, 69 F.3d at 1275; Hassine, 160 F.3d at 954.

Further, even if this argument *was* properly before this Court, Petitioner has produced no expert witnesses or evidence as part of this federal habeas petition to show exactly what it was/is she believes would have helped her case if this evidence had been obtained. Bassette v. Thompson, 915 F.2d 932, 939, 941 (4th Cir.1990), cert. denied, 499 U.S. 982 (1991); cf. Bannister v. State, 509 S.E.2d 807, 809 (S.C.1998) ["This Court has repeatedly held a PCR applicant *must* produce the testimony of a favorable witness *or otherwise offer the testimony in accordance with the rules of evidence* at the PCR hearing in order to establish prejudice from the witness' failure to testify at trial."]; Lorenzen v. State, 657 S.E.2d 771, 776-777 (S.C. 2008)[Finding that Defendant's contention that expert testimony would have helped his case was merely speculative where he called no expert to testify]; Dempsey v. State, 610 S.E.2d 812, 814 (S.C. 2005)[concluding that a finding of prejudice is merely speculative where a PCR applicant fails to have an expert testify at the PCR hearing]; Underwood v. State, 425 S.E.2d 20, 22 (S.C. 1992)[prejudice from trial counsel's failure to interview or call witnesses cannot be shown where the witnesses do not testify at post-conviction relief]; Kibler v. State, 227 S.E.2d 199, 202 (S.C. 1976)[the Court will not speculate concerning what might have occurred if counsel had conducted further investigation]; Glover v. State, 458 S.E.2d 539, 540 (S.C.1995)["[B]ecause the other witnesses respondent claimed could have provided an alibi defense did not testify at the PCR hearing, respondent could not establish any prejudice from counsel's failure to contact these witnesses."]; Clark v. State, 434 S.E.2d 266, 267–268 (S.C.1993) [pure conjecture



as to what a witness' testimony would have been is not sufficient to show a reasonable probability the result at trial would have been different]; <u>Underwood v. State</u>, 425 S.E.2d 20, 22 (S.C.1992) [prejudice from trial counsel's failure to interview or call witnesses could not be shown where witnesses did not testify at PCR hearing].

While Petitioner may argue that this testimony or evidence was not presented at her PCR hearing because of her PCR counsel's ineffectiveness, she has herself failed to offer this evidence now as part of this federal petition. Accordingly, Petitioner has failed to show deficient performance or prejudice on either trial or PCR counsels' part for failure to retain or call a medical examiner expert or present additional evidence. <u>Smith</u>, 528 F.2d at 809 [Petitioner bears the burden of proving his allegations when seeking a writ of habeas corpus]. Therefore, even if this claim was properly before this Court for consideration; <u>but see</u> 28 U.S.C. § 2254(i); Petitioner has failed to show that her PCR counsel was ineffective on this basis, and by failing to show any substantial ineffective assistance of counsel claim, Petitioner has failed to show cause for her procedural default on this issue. As such, even if Petitioner could maintain a claim for ineffective assistance of PCR counsel based on this claim, Ground Three of her Petition is procedurally barred from consideration by this Court. <u>Rodriguez</u>, 906 F.2d at 1159.

## IX.

In Ground Four of her Petition, Petitioner contends that there was a total "annihilation" of her right to due process of law for fair representation and trial, starting with her initial court proceedings and continuing all the way through her PCR proceedings and appeal proceedings.

However, with regard to her general and conclusory allegations in Ground Four



regarding her initial and appellate proceedings,[9] Petitioner has not set forth any new, specific allegations other than to claim that there was no investigation into any pre-existing conditions which her stepdaughter may have had which could have contributed to her death, and a general, conclusory statement that her confession was coerced.  Neither of these arguments entitle Petitioner to any relief.

With regard to any alleged pre-existing conditions which her stepdaughter might have had, Petitioner produced no expert witnesses or other evidence or testimony in either her PCR proceedings or as part of this federal petition to support her arguments for why an expert witness or additional evidence would have changed the outcome of her decision to plead guilty.  <u>Bassette</u>, 915 F.2d at 941; <u>cf. Bannister</u>, 509 S.E.2d at 809 ["This Court has repeatedly held a PCR applicant *must* produce the testimony of a favorable witness *or otherwise offer the testimony in accordance with the rules of evidence* at the PCR hearing in order to establish prejudice from the witness' failure to testify at trial."]; <u>Lorenzen</u>, 657 S.E.2d at 776-777 [Finding that Defendant's contention that expert testimony would have helped his case was merely speculative where he called no expert to testify]; <u>Dempsey</u>, 610 S.E.2d at 814 [concluding that a finding of prejudice is merely speculative where a PCR applicant fails to have an expert testify at the PCR hearing]; <u>Kibler</u>, 227 S.E.2d at 202 [the Court will not speculate concerning what might have occurred if counsel had conduct further investigation]; <u>Clark</u>, 434 S.E.2d at 267–268 [pure conjecture as to what a witness' testimony would have been is not sufficient to show a reasonable probability the result at trial would have been different].  Nor has Petitioner offered any such evidence now.  Accordingly, Petitioner has failed to show deficient performance or prejudice on trial counsel's part for failing to pursue or obtain any such evidence, and

---

[9]With regard to her PCR proceedings, as previously discussed, alleged infirmities in Petitioner's PCR proceedings do not state a basis for federal relief.  <u>See</u> discussion, <u>supra</u>.



by failing to show any substantial ineffective assistance of counsel claim, Petitioner has failed to show cause for her procedural default on this issue. Smith, 528 F.2d at 809 [Petitioner bears the burden of proving his allegations when seeking a writ of habeas corpus]; Gray, 2013 WL 2451083, at * 2; Ford, 2013 WL 4434389, at * 11.

As for whether trial counsel was ineffective for not challenging that her confession was "coerced", it is clear in the record that the plea court went over Petitioner's rights prior to the acceptance of the plea, following which Petitioner admitted she had committed the crime and entered her plea of guilty. Cf. Pittman v. South Carolina, 524 S.E.2d 623, 625 (S.C. 1999) ["A defendant's knowing and voluntary waiver of the constitutional rights which accompany a guilty plea 'may be accomplished by colloquy between the Court and the defendant, between the Court and defendant's counsel, or both."] (citing State v. Ray, 427 S.E.2d 171, 174 (S.C. 1993)); see also State v. Lambert, 225 S.E.2d 340 (1976)); Roddy v. South Carolina, 528 S.E.2d 418, 421 (S.C. 2000). See Sargent v. Waters, 71 F.3d 158, 160 (1995)["The [United States] Supreme Court has . . . held that while 'the governing standard as to whether a plea of guilty is voluntary for purposes of the Federal Constitution is a question of federal law, and not a question of fact subject to the requirements of 28 U.S.C. § 2254(d),' the historical facts underlying such pleas are entitled to deference under the statute."](quoting Marshall v. Lonberger, 459 U.S. 422, 431-432 (1983)). Petitioner has not provided the Court with any evidence to show that she did not intend to plead guilty to the charges, under oath to the presiding judge, without objection in open court.[10] Evans, 220 F.3d at 312 [Federal habeas

---

[10]When Petitioner addressed the issue of an alleged coerced confession in Ground One, she simply stated that she had nothing to hide so she talked to the investigators and was led to believe that she would be able to return to the hospital with her husband, son, and stepdaughter. She did not make any specific allegations of any coercion regarding her confession or even provide any other details.

(continued...)



relief will not be granted on a claim adjudicated on the merits by the state court unless it resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding]; Williams v. Taylor, 529 U.S. 362 (2000); Bell, 236 F.3d at 157-158; 28 U.S.C. § 2254(e)(1) [Determination of a factual issue by the state court shall be presumed correct unless rebutted by clear and convincing evidence]; Sargent, 71 F.3d at 160 [historical facts underlying guilty pleas are entitled to deference]; see Boykin v. Alabama, 395 U.S. 238 (1969); Smith, 528 F.2d at 809 [Petitioner bears the burden of proving his allegations when seeking a writ of habeas corpus.].

Accordingly, Petitioner has failed to meet her burden of proving trial counsel failed to render reasonably effective assistance; Smith, 528 F.2d at 809 [Petitioner bears the burden of proving his allegations when seeking a writ of habeas corpus]; and by failing to show any substantial ineffective assistance, Petitioner has failed to show cause for her procedural default on this claim. Trevino, 133 S.Ct. at 1917-1918; see Rodriguez v. Young, 906 F.2d 1153, 1159 (7th Cir. 1990), cert. denied, 498 U.S. 1035 (1991) ["Neither cause without prejudice nor prejudice without cause gets a defaulted claim into Federal Court."].

## X.

Finally, to the extent Petitioner is arguing that she is actually innocent, cognizable claims of "actual innocence" are extremely rare and must be based on "factual innocence not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623 (1998); see also Doe v. Menefee, 391 F.3d 147 (2d Cir. 2004). Petitioner has failed to present any new, reliable evidence of any type

---

[10](...continued)
Therefore, even if that issue was not procedurally barred, she has not asserted facts to support a showing of any coercion regarding her confession.



that was not presented in any of her prior court proceedings which supports her innocence on the criminal charges on which she was found guilty.  See Schlup v. Delo, 513 U.S. 298, 324 (1995)[to present a credible claim of actual innocence, a petitioner must "support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial."]; Doe, 391 F.3d at 161 (quoting Schlup for the evidentiary standard required for a court to consider an actual innocence claim).  Further, Petitioner has also failed to make any showing that a fundamental miscarriage of justice will occur if these claims are not considered.  Wainwright v. Sykes, supra; Murray v. Carrier, 477 U.S. 478 (1986); Rodriguez, 906 F.2d at 1159 [a fundamental miscarriage of justice occurs only in extraordinary cases, "where a constitutional violation has probably resulted in the conviction of one who is actually innocent"](citing Murray v. Carrier, 477 U.S. at 496); Sawyer v. Whitley, 505 U.S. 333, 348 (1992); Bolender v. Singletary, 898 F.Supp. 876, 881 (S.D.Fla. 1995).

Therefore, all of the Grounds for relief asserted by Petitioner in this habeas petition are procedurally barred from consideration by this Court.

### Conclusion

Based on the foregoing, it is recommended that the Respondent's motion for summary judgment be **granted**, and that the Petition be **dismissed**, with prejudice.

The parties are referred to the Notice Page attached hereto.

March 20, 2015
Charleston, South Carolina

_____
Bristow Marchant
United States Magistrate Judge



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

