# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# BEAUFORT DIVISION

| | | |
|---|---|---|
| Naticia Laurent, | ) | Civil Action No. 9:14-cv-03890-JMC |
| | ) | |
| Petitioner, | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Warden, Camille Graham Correctional Inst., | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner Naticia Laurent ("Petitioner") has filed a pro se Petition for Writ of Habeas Corpus (ECF No. 1) pursuant to 28 U.S.C. § 2254. This matter is before the court pursuant to Respondent Warden of Camille Graham Correctional Institute's ("Respondent") Motion for Summary Judgment (ECF No. 19).

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2)(g) (D.S.C.), the matter was referred to United States Magistrate Judge Bristow Marchant for pretrial handling. On March 20, 2015, the Magistrate Judge issued a Report and Recommendation ("Report") (ECF No. 23), recommending that Respondent's Motion for Summary Judgment (ECF No. 19) be granted and that Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) pursuant to 28 U.S.C. § 2254 be denied. (ECF No. 23 at 28.) This review considers Petitioner's Objections to the Report ("Objections") (ECF No. 25), filed April 2, 2015. For the reasons set forth herein, the court **ACCEPTS** the Magistrate Judge's Report, **GRANTS** Respondent's Motion for Summary Judgment, and **DENIES** Petitioner's Petition with prejudice.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

The court concludes, upon its own careful review of the record, that the Magistrate Judge's factual and procedural summation is accurate. The court adopts this summary as its

own, and only references facts pertinent to the analysis of Petitioner's Objections. The relevant facts, viewed in a light most favorable to Petitioner, are as follows.

Petitioner was indicted in Beaufort County on November 19, 2009, for Homicide by Child Abuse after the death of her step-daughter. (ECF No. 18-1 at 9, 19.) Petitioner, represented at that time by Helen Dovell, pled guilty to a negotiated plea/sentence of twenty years on September 22, 2011. (Id. at 4, 8.) After questioning Petitioner, a judge found that Petitioner's plea was "freely, voluntarily, and intelligently made" and accepted the negotiated plea, sentencing Petitioner to twenty years in prison. (Id. at 8, 15.) Petitioner did not appeal her conviction. (ECF No. 1 at 3.)

Petitioner filed an application for post-conviction relief ("PCR") on June 25, 2012, in state circuit court, arguing that she was being held unlawfully due to ineffective counsel. (ECF No. 18-1 at 21.) After a hearing, the PCR judge denied the PCR, finding Petitioner's counsel was not deficient. (Id. at 78.) In her appeal of the PCR court's order, Petitioner argued that the PCR judge erred in refusing to grant a continuance to Petitioner's PCR counsel. (ECF 18-2 at 7.) The South Carolina Supreme Court denied Petitioner's Writ of Certiorari and filed the Remittitur on August 11, 2014. (ECF No. 18-4; ECF No. 18-5.)

Petitioner then filed the instant Writ of Habeas Corpus under 28 U.S.C. § 2254 in this court, raising four issues: (1) violation of due process because of "coercion of an involuntary confession" due to duress ("Ground One"), (2) violation of due process because of ineffective counsel ("Ground Two"), (3) ineffective counsel and inadequate time in Petitioner's PCR proceedings ("Ground Three), and (4) "total annihilation of [Petitioner's] due process of law for a fair representation from initial court proceedings, PCR proceedings, and appeal proceedings" ("Ground Four"). (ECF No. 1 at 6-11.)

The Magistrate Judge issued the Report on March 20, 2015. (ECF No. 23 at 28.) The Report concluded that Grounds One through Four, although properly exhausted, "were not <u>properly</u> pursued and exhausted by the Petitioner in state court," so "federal habeas review of these claims is now precluded absent a showing of cause and prejudice, or actual innocence." (<u>Id.</u> at 7 (citing <u>Martinez v. Ryan</u>, 132 S. Ct. 1309, 1316 (2012)) (emphasis in original).) In light of Petitioner's pro se status, the Magistrate Judge interpreted Petitioner's arguments as asserting her counsels' conduct as cause for her procedural default on all of her claims. (<u>Id.</u> at 7-8.)

The Magistrate Judge found that Petitioner procedurally defaulted as to Ground One because it was not raised at the plea court level and could not have been raised on direct appeal as South Carolina is an issue preservation state. (<u>Id.</u> at 20 (citing <u>I'On, LLC v. Town of Mount Pleasant</u>, 526 S.E.2d 716, 724-25 (S.C. 2000)).) Therefore, Ground One had not been preserved for federal habeas review, and Petitioner failed to show cause for her procedural default on this issue. (<u>Id.</u>)[1] The Report found that Ground Two should be dismissed as to plea counsel because Petitioner failed to show her plea counsel was ineffective. (<u>Id.</u> at 21.) Similarly, the Report found that Ground Two should be dismissed as to Petitioner's PCR counsel because her PCR counsel was not ineffective by failing to argue that Petitioner's plea counsel was ineffective in Petitioner's PCR. (<u>Id.</u>) The Magistrate Judge found that Ground Three's allegations of improper PCR proceedings could not serve as the basis for federal habeas relief and must be dismissed. (<u>Id.</u> at 22 (citing 28 U.S.C. § 2254(i)).) Further, even if Ground Three was properly before this court, the Magistrate Judge reasoned that Petitioner failed to show deficient performance or

---

[1] The Magistrate Judge further noted, as to Ground One, that Petitioner had waived this issue when she pled guilty. "The guilty plea in state courts acts as a waiver of all non-jurisdictional defects and defenses occurring prior to the plea including alleged statutory and constitutional violations." (ECF No. 23 at 20 n.7 (citing <u>Rivers v. Strickland</u>, 213 S.E.2d 97 (S.C. 1975); <u>State v. Passaro</u>, 567 S.E.2d 682 (S.C. 2002)).)

3

prejudice due to PCR counsel's failure to call a medical examiner or present additional evidence (Id. at 24.)

As to Ground Four, the Magistrate Judge found that it failed to set forth any specific allegation not laid out in Grounds One through Three other than Petitioner's claims that her step-daughter suffered from pre-existing conditions that may have contributed to her death and a conclusory statement that Petitioner's confession was coerced. (Id. at 25.) The Magistrate Judge found that Petitioner failed to show "substantial ineffective assistance" of counsel regarding these claims and thus failed to show cause for her procedural default. (Id. at 27.) Moreover, to the extent Petitioner is arguing actual innocence, the Report found Petitioner failed to produce evidence supporting innocence and failed to show that a "fundamental miscarriage of justice" would occur absent re-consideration of her case. (Id. at 27-28.) Ultimately, the Report concluded all Grounds were procedurally barred. (Id. at 28.)

On April 2, 2015, Petitioner filed Objections to the Report concerning all four Grounds. (ECF No. 25.) Petitioner contends that she should be permitted to raise the issue of involuntary confession in Ground One in present proceedings[2] and also argues that her guilty plea "does not show cause to abandon this merit." (Id. at 2.) Further, as to Ground Two, Petitioner argues that had her plea counsel not "poorly advised" her, she would have proceeded to trial instead of taking the guilty plea, which she claims she did not understand. (Id.) Petitioner also argues that her plea counsel was ineffective because counsel did not inform Petitioner of the possibility of a direct appeal. (Id.) As to Ground Three, Petitioner reiterates her argument that PCR counsel should have been granted a continuance. (Id.) Finally, in her Objections to the Magistrate

---

[2] The court notes that Petitioner appears to believe she should be able to assert Ground One even though it "was not raised in [her] PCR." (ECF No. 25 at 2.) However, the Report's decision as to Ground One was based on the involuntary confession claim not being raised in the plea court, not its absence in PCR proceedings. (ECF No. 23 at 20.)

4

Judge's findings on Ground Four, Petitioner asserts that she has not had fair representation throughout all her proceedings and would move the court to find that evidence has not been adequately produced. (Id. at 3.)

Petitioner offered the same arguments asserted in her Objections in her Response to Summary Judgment dated February 26, 2015, before the Magistrate Judge had issued his Report. (ECF No. 22 at 1-2.) There is only one substantive addition concerning the Report in Petitioner's Objections. (ECF No. 25 at 2.) Specifically, Petitioner states, "[h]ad [she] understood the full construction of the guilty plea, [she] would not have accepted it," in relation to her Ground Two claims of ineffective counsel. (Id.)

## II.     JURISDICTION

The court has jurisdiction over Plaintiff's Petition pursuant to 28 U.S.C. § 1331 because Plaintiff filed her Petition in this court under 28 U.S.C. § 2254 (ECF No.1), which permits "a person in custody pursuant to the judgment of a State court" to apply for a writ of habeas corpus in a district court on "the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

## III.     LEGAL STANDARD

A. The Magistrate Judge's Report and Recommendation

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. See Matthews v. Weber, 423 U.S. 261, 270-71 (1976). This court is charged with making a de novo determination of those portions of the Report to which specific objections are made, and the court may accept,

5

reject, or modify, in whole or in part, the Magistrate Judge's recommendation, or recommit the matter with instructions.  See 28 U.S.C. § 636(b)(1).

Objections to a Report and Recommendation must specifically identify portions of the Report and the basis for those objections.  Fed. R. Civ. P. 72(b).  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 316 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).  Failure to timely file specific written objections to a Report will result in a waiver of the right to appeal from an Order from the court based upon the Report.  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).  If the petitioner fails to properly object because the objections lack the requisite specificity, then de novo review by the court is not required.

As Petitioner is a pro se litigant, the court is required to liberally construe his arguments. Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978). While a pro se litigant is entitled to "special judicial solicitude," a court is not mandated to recognize vague claims or complaints that fail "to allege anything that even remotely suggests a factual basis for the claim."  Weller v. Dep't of Soc. Servs., 901 F.2d 387, 390-91 (4th Cir. 1990).  The court addresses those arguments that, under the mandated liberal construction, it has reasonably found to state a claim.  Barnett v. Hargett, 174 F.3d 1128, 1133 (10th Cir. 1999).

   B.  Federal Habeas Review

Federal habeas review is conducted pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  In order to grant relief under the AEDPA, the federal court

6

must find that the underlying state court proceeding: (1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable application of the facts in light of the evidence presented at the state court proceeding.  28 U.S.C. § 2254(d)(1)-(2).  The court must assume that the factual determinations made by the state court are correct unless the petitioner rebuts the presumption by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

Claims that were not properly pursued and exhausted by a petitioner in state court are precluded from federal habeas review absent a showing of cause and prejudice or actual innocence.  Martinez, 132 S. Ct. at 1316; Coleman v. Thompson, 501 U.S. 722, 750 (1991).  Ineffective counsel constitutes cause for procedural default.  Murray v. Carrier, 477 U.S. 478, 488 (1986).  In Strickland v. Washington, the Supreme Court set forth a two prong test for determining whether counsel was ineffective: (1) defendant must show counsel's performance was so deficient as to fall below the standards of the Sixth Amendment, and (2) defendant must show that counsel's deficient performance prejudiced the defense.  Strickland v. Washington, 466 U.S. 668, 687 (1984).  The Court has held that particular requirements regarding effective assistance of counsel would not be appropriate, as the Sixth Amendment merely refers to "counsel;" therefore, the "proper standard for attorney performance is that of reasonably effective assistance." Id. at 687-88. The court must look to the facts of the particular case as viewed by the counsel during the case.  Id. at 690.  It is appropriate for the court to determine reasonableness in light of the defendant's statements or actions. Id. at 691.

In the context of guilty pleas, a defendant must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have

7

insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).  However, "representations of the defendant, his lawyer, and the prosecutor at [arraignment], as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings . . . . The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal . . . ." Blackledge v. Allison, 431 U.S. 63, 73-74 (1977).

## IV.     ANALYSIS

Petitioner's Objections either repeat her arguments from her Response to Summary Judgment (ECF No. 22) or reiterate her arguments from her Petition (ECF No.1), both of which the Magistrate Judge had available for review at the time the Report was issued.  The Magistrate Judge was not persuaded by Petitioner's arguments, and Petitioner offers only one new objection as to why the Magistrate Judge was mistaken in not finding her arguments persuasive.  As such, Petitioner's Objections, excepting Petitioner's argument under Ground Two regarding her understanding of her guilty plea, lack the requisite specificity required by Federal Rule of Civil Procedure 72(b).  Because Petitioner failed to properly object to the Report except as to part of Ground Two, the court does not need to conduct a de novo review of Grounds One, Three, and Four and instead must "only satisfy that there is no clear error on the face of the record in order to accept the recommendation." Diamond, 416 F.3d at 315.  The court does not find clear error and accepts the Report by the Magistrate Judge as to Grounds One, Three, and Four.

In her objection to Ground Two, Petitioner raises an argument she did not make in her Response to Summary Judgment; therefore, the court analyzes this issue separately. See 28 U.S.C. § 636(b)(1).  Petitioner argues that her plea counsel was ineffective because Petitioner did not understand "the full construction of the guilty plea" and would not have taken the plea had she fully understood it and its implications.  (ECF No. 25 at 2.)  Here, Petitioner cannot sustain

8

the burden of the two-prong Strickland test. First, the record shows that Petitioner's plea counsel discussed with Petitioner the possibility of going to trial, met with the forensic pathologist regarding Petitioner's case, went through all the evidence, and discussed Petitioner's case with a medical examiner. (ECF No. 18-1 at 11.) Given these actions, plea counsel's assistance was "reasonably effective," and this is all that is required under the Sixth Amendment, as articulated in Strickland. Further, when the presiding judge at Petitioner's plea hearing asked her seven times if she did not want to go to trial, Petitioner answered that she did not all seven times. (Id. at 7.) In light of this and other statements presented at the plea hearing, the presiding judge found that Petitioner's plea had been "freely, voluntarily, and intelligently made." (Id. at 8.) Petitioner has not pointed to any specific or clear evidence that would permit this court to determine otherwise; therefore, Petitioner's conclusory allegation in her Objections is summarily dismissed. See Blackledge, 431 U.S. at 73-74; 28 U.S.C. § 2254(e)(1).

## V.     CONCLUSION

Upon careful consideration of the record before the court, the court **ACCEPTS** the Magistrate Judge's Report (ECF No. 23) and incorporates it herein by reference. It is hereby **ORDERED** that Respondent's Motion for Summary Judgment (ECF No. 19) is **GRANTED** and Petitioner's Petition for a Writ of Habeas Corpus (ECF No. 1) is **DISMISSED** with prejudice.

## CERTIFICATE OF APPEALABILITY

The law governing certificates of appealability provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any

<a>
</a>

dispositive procedural ruling by the district court is likewise debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met.

  **IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

July 15, 2015
Columbia, South Carolina

10